IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| SANQUEZ DEONTRA BIVENS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CASE NO. 2:24-CV-703-WKW-KFP |
| ) | |
| MONTGOMERY COUNTY ) | |
| DETENTION FACILITY, et al., ) | |
| ) | |
| Defendants. ) | |

## RECOMMENDATION OF THE MAGISTRATE JUDGE

**I.   INTRODUCTION**

Plaintiff Sanquez Bivens, proceeding pro se and in forma pauperis, initiated this action on a form used by inmates to file complaints under 42 U.S.C. § 1983 against Montgomery County Detention Facility, Montgomery County Sheriff's Office, and Correctional Officer Patterson. Doc. 1. He alleges violations of his federally protected rights during his detention at the Montgomery County Detention Facility in Montgomery, Alabama. *Id.* After review and consideration of Plaintiff's Complaint, the undersigned RECOMMENDS that Plaintiff's suit against Defendants Montgomery County Detention Facility and Montgomery County Sheriff's Office be DISMISSED under 28 U.S.C. § 1915A(b)(1) for the reasons set forth below.

**II.   STANDARD OF REVIEW**

Because the Court granted Plaintiff leave to proceed in forma pauperis (*see* Doc. 6), his Complaint is subject to screening under 28 U.S.C. § 1915A, which requires a court to

dismiss the complaint, or any portion of the complaint, if it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant immune from such relief. 28 U.S.C. § 1915A(b); 28 U.S.C. § 1915(e)(2)(B). A claim is frivolous if it "lacks an arguable basis either in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim is also frivolous when the defendant is immune from suit, the claim seeks to enforce a right that clearly does not exist, or an affirmative defense (such as the statute of limitations) would defeat the claim. *Id*. at 327; *Clark v. State of Ga. Pardons & Paroles Bd.*, 915 F.2d 636, 640 n.2 (11th Cir. 1990).

Under 28 U.S.C. § 1915A(b)(1) the Court may also dismiss a complaint, or any portion thereof, for failure to state a claim upon which relief may be granted. To state a claim upon which relief may be granted, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). To state a claim to relief that is plausible, the plaintiff must plead factual content that "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. In applying § 1915, "the court is authorized to test the proceeding for frivolousness or maliciousness even before service of process or before the filing of the answer." *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir. 1990); *see also Caroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993) (per curiam) ("A district court may . . . dismiss the complaint before service of process when it determines from the face of the complaint that the factual allegations are 'clearly baseless' or that the legal theories are 'indisputable meritless.'" (quoting Neitzke, 490 U.S. at 327)).

## III.   DISCUSSION

### A.   Montgomery County Detention Facility and Montgomery County Sheriff's Office

Plaintiff's claims against Defendants Montgomery County Detention Facility and Montgomery County Sheriff's Office are not proper because they are not entities with the capacity to be sued under § 1983. To allege a viable § 1983 claim, a plaintiff must bring the action against a defendant entity that is capable of being sued. *Davis v. Elmore Cnty. Jail*, 2023 WL 4632388, at *9 (M.D. Ala. July 19, 2023) (citing *Dean v. Barber*, 951 F.2d 1210, 1214 (11th Cir. 1992)). The capacity of a party to be sued is controlled by the state law where the court sits. *Id*. Pursuant to Alabama Code § 14-6-1, "[t]he sheriff has the legal custody and charge of the jail in his or her county[.]" ALA. CODE § 14-6-1. Thus, under the applicable Alabama law, neither Montgomery County Sheriff's Office, having responsibility for the Montgomery County Detention Facility, nor the Montgomery County Detention Facility itself—the structure—are proper defendants because they are not suable entities. *See, e.g.*, *Davis*, 2023 WL 4632388, at *9 (first citing *Dean*, 951 F.2d at 1214; then *White v. Birchfield*, 582 So. 2d 1085, 1087 (Ala. 1991); and then *Davis v. Montgomery Cnty. Det. Facility*, 2019 WL 1048842, at *2 (M.D. Ala. Mar. 5, 2019)) (dismissing § 1983 claims against the Elmore County Jail); *see also Dean*, 951 F.2d at 1215 ("Under Alabama law, a county sheriff's department lacks the capacity to be sued."); *Burgess v. Turner*, 2023 WL 7440433, at *16 (N.D. Ala. Sept. 20, 2023) ("[A] county jail does not constitute a legal entity subject to suit in Alabama, and Burgess's claims against the Cullman County Detention Center and the Morgan County Jail warrant dismissal as a result."), *report and*

3

*recommendation adopted sub nom. Burgess v. Wells Turner*, 2023 WL 7440228 (N.D. Ala. Nov. 9, 2023).

  **B. Clerk Overton**

  Plaintiff alleges that on August 22, 2024, at around 4:30 p.m., he and other state detainee inmates were out of their cells. Doc. 1 at 3. During this time, Plaintiff alleges that Patterson violated security protocol by opening the cell doors of federal detainee inmates allowing them to rush out and launch an attack on him and other state inmates. *Id*. Plaintiff was taken to a free world hospital for treatment of injuries sustained during the incident. *Id*.

  While Plaintiff alleges that Patterson engaged in certain actions made the basis of his lawsuit, Plaintiff does not implicate Overton in any of the alleged conduct about which he complains. He names Clerk Overton in the section of the complaint form for defendants, but he does not make any mention again of Overton. *See* Doc. 1 at 2–5.

  "[S]ection 1983 requires proof of an affirmative causal connection between the actions taken by a particular person under color of state law and the constitutional deprivation." *LaMarca v. Turner*, 995 F.2d 1526, 1538 (11th Cir. 1993) (internal quotation marks and citations omitted). Although Plaintiff's Complaint claims a constitutional violation occurred, he fails to allege any facts that associate Overton with that violation. *See Douglas v. Yates*, 535 F.3d 1316, 1321–22 (11th Cir. 2008) (affirming dismissal of defendants against whom no alleged conduct was pleaded; "Although Douglas's complaint alleges that a constitutional violation occurred, the complaint fails to allege facts that associate Terrant, Ford, or Kelloway with that violation.") (citations omitted); *see also*

*Iqbal*, 556 U.S. at 678 (To state a claim upon which relief may be granted, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.").

Here, Plaintiff describes no conduct at all taken by Overton. Other than naming Overton as a defendant, Plaintiff asserts no connection between this defendant and the alleged unconstitutional deprivation about which he complains. Plaintiff's Complaint against Overton is therefore subject to dismissal for failure to state a claim under 28 U.S.C. § 1915A(b)(1).

## IV.   CONCLUSION

For the reasons stated above, the undersigned Magistrate Judge RECOMMENDS as follows:

1. Plaintiff's Complaint against Montgomery County Detention Facility and Montgomery County Sheriff's Office be DISMISSED with prejudice before service under 28 U.S.C. § 1915A(b)(1).

2. Plaintiff's Complaint against Clerk Overton be DISMISSED without prejudice before service under 28 U.S.C. § 1915A(b)(1).

3. Montgomery County Detention Facility, Montgomery County Sheriff's Office, and Clerk Overton be TERMINATED as parties. Further, it is ORDERED that by **December 31, 2024**, the parties may file objections to this Recommendation. The parties must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made. Frivolous, conclusive or general objections

will not be considered by the Court. This Recommendation is not a final order, and it is therefore not appealable.

Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with 28 U.S.C. § 636(b)(1) will bar a party from a de novo determination by the District Court of legal and factual issues covered in the Recommendation and waive the right of the party to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *See* 11th CIR. R. 3–1.

DONE this 13th day of December, 2024.

/s/ Kelly Fitzgerald Pate
KELLY FITZGERALD PATE
UNITED STATES MAGISTRATE JUDGE