IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| SANQUEZ DEONTRA BIVENS, Reg. No. 15612-002, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) ) |
| OFFICER PATTERSON, | ) ) |
| Defendant. | ) |

CASE NO. 2:24-CV-703-WKW
[WO]

**MEMORANDUM OPINION AND ORDER**

Before the court are Plaintiff's Motion for an Extension of the Reset Scheduling Order's Discovery Deadline and Motion for Appointment of Counsel. (Doc. # 29.) Each motion will be addressed in turn.

**A.  Motion for an Extension of the Reset Scheduling Order's Discovery Deadline**

First, Plaintiff requests an extension of the Reset Scheduling Order's discovery deadline. The Reset Scheduling Order (Doc. # 20), issued on May 22, 2025, set a discovery deadline of January 22, 2026. Plaintiff's motion was timely filed more than three weeks prior to the close of discovery. Accordingly, and for good cause shown, Plaintiff's motion requesting an extension of the discovery deadline will be granted, and the discovery deadline will be extended to February 23, 2026.

B.      **Motion for Appointment of Counsel**

A plaintiff in a civil case has no constitutional right to counsel. *Kilgo v. Ricks*, 983 F.2d 189, 193 (11th Cir. 1993) (citing *Poole v. Lambert*, 819 F.2d 1025, 1028 (11th Cir. 1987) (per curiam)). Generally, appointment of counsel in a civil case is "a privilege that is justified only by exceptional circumstances, such as where the facts and legal issues are so novel or complex as to require the assistance of a trained practitioner." *Dean v. Barber*, 951 F.2d 1210, 1216 (11th Cir. 1992) (quoting *Poole*, 819 F.2d at 1028). Although Plaintiff has been granted leave to proceed *in forma pauperis* (Doc. # 6), and 28 U.S.C. § 1915(e)(1) says that "the court *may* request an attorney to represent any person unable to afford counsel" (emphasis added), the court has broad discretion in deciding whether appointment of counsel is appropriate. *Killian v. Holt*, 166 F.3d 1156, 1157 (11th Cir. 1999) (per curiam).

This is Plaintiff's second motion for the appointment of counsel, with the first having been denied. (*See* Docs. # 27, 28.) Plaintiff still has not demonstrated the exceptional circumstances necessary to justify the appointment of counsel at this time. Moreover, upon review of the record, the issues raised in Plaintiff's complaint are not novel or unduly complex, and it appears that Plaintiff is able to articulate facts and grounds for relief without notable difficulty. Accordingly, Plaintiff's motion for appointment of counsel will be denied at this time. The court will reconsider this issue at a later date if warranted by the circumstances of this case.

**C.     Conclusion**

Based on the foregoing, it is ORDERED as follows:

(1)     Plaintiff's motion for an extension of the Reset Scheduling Order's discovery deadline (Doc. # 29) is GRANTED.

(2)     The discovery deadline is EXTENDED from January 22, 2026, to and including **February 23, 2026**.

(3)     Plaintiff's motion for appointment of counsel (Doc. # 29) is DENIED.

DONE this 15th day of January, 2026.

                                     /s/ W. Keith Watkins
                            UNITED STATES DISTRICT JUDGE