IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| SANQUEZ DEONTRA BIVENS, Reg. No. 15612-002, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | CASE NO. 2:24-CV-703-WKW [WO] |
| OFFICER MELANIE PATTERSON, | ) ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION AND ORDER**

## I.  INTRODUCTION

Plaintiff Sanquez Deontra Bivens, an inmate proceeding *pro se*, filed this 42 U.S.C. § 1983 action against the Montgomery County Detention Facility, the Montgomery County Sheriff's Department, Clerk Overton, and Officer Melanie Patterson.  (Doc. # 1.)  On January 8, 2025, the Montgomery County Detention Facility, the Montgomery County Sheriff's Department, and Clerk Overton were dismissed as Defendants.  (Doc. # 9.)  Before the court is Defendant Officer Patterson's motion for summary judgment (Doc. # 34), along with an evidentiary submission (Doc. # 35) and a brief in support (Doc. # 36).  Defendant argues, among other things, that Plaintiff failed to exhaust administrative remedies before filing suit.  Although Plaintiff was required to file a response to Defendant's motion (*see* Doc. # 38), he did not do so.

After careful consideration, to the extent Defendant argues for dismissal of Plaintiff's claims based on his failure to exhaust administrative remedies prior to filing this suit, that portion of Defendant's motion for summary judgment will be construed as an unenumerated Rule 12(b) motion to dismiss, *see infra* Part IV.A.2, and that construed motion to dismiss will be granted. Otherwise, Defendant's motion for summary judgment will be denied as moot. Alternatively, this action will be dismissed without prejudice for Plaintiff's failure to prosecute and comply with court orders.

## II.  JURISDICTION AND VENUE

Subject matter jurisdiction is proper under 28 U.S.C. § 1331 (federal question). Personal jurisdiction and venue are not contested.

## III.  BACKGROUND

### A.    Procedural History

On September 3, 2024,[1] Plaintiff filed a 42 U.S.C. § 1983 complaint using a standard *pro se* complaint form. (Doc. # 1.) Pursuant to a court Order, Defendant filed an Answer and Special Report, along with exhibits, on April 7, 2025. (Doc.

---

[1] "Under the 'prison mailbox rule,' a pro se prisoner's court filing is deemed filed on the date it is delivered to prison authorities for mailing." *Williams v. McNeil*, 557 F.3d 1287, 1290 n.2 (11th Cir. 2009). Absent evidence to the contrary, the court must "assume that a prisoner delivered a filing to prison authorities on the date that he signed it." *Jeffries v. United States*, 748 F.3d 1310, 1314 (11th Cir. 2014) (per curiam). Plaintiff's complaint was docketed on November 4, 2024. However, Plaintiff signed and dated his § 1983 complaint "9/3/2024." (Doc. # 1 at 4.) Accordingly, under the "prison mailbox rule," this action was commenced on September 3, 2024.

# 18.)  On May 22, 2025, a scheduling order was entered.  (Doc. # 20.)  According to Defendant, she sent a Request for Production of Documents to Plaintiff on November 17, 2025.  (Doc. # 31 ¶ 1; Doc. # 31-1 (Ex. 1).)  Plaintiff did not respond to that discovery request.  (Doc. # 31 ¶ 2.)  On January 6, 2026, Defendant's counsel mailed a letter to Plaintiff asking that he provide responses to Defendant's discovery request within ten days so that Defendant could avoid filing a motion to compel.  (*Id.* ¶ 3; Doc. # 31-2 (Ex. 2).)  Plaintiff did not respond, and on January 22, 2026, Defendant filed a motion to compel.  (Doc. # 31.)  The court granted Defendant's motion and gave Plaintiff until February 6, 2026, to respond to Defendant's Request for Production of Documents.  (Doc. # 32.)  To date, Plaintiff still has not responded to Defendant's discovery request.

On February 10, 2026, Defendant timely filed a motion for summary judgment, a supporting brief, and an evidentiary submission.  (Docs. # 34–36.)  On February 17, 2026, an Order was entered, directing Plaintiff to respond to Defendant's motion for summary judgment by March 17, 2026, and providing specific instructions.  (Doc. # 38.)  Plaintiff did not respond to Defendant's motion for summary judgment.

**B.    The Complaint**

In his complaint, signed under penalty of perjury, Plaintiff alleges that on August 22, 2024, while he was detained at the Montgomery County Detention

3

Facility (MCDF), he and his cellmates were "out for [their] one hour a day." (Doc. # 1 at 3.) Plaintiff claims that Defendant opened a cell occupied by federal inmates and that these inmates used knives to stab Plaintiff and his cellmates. Plaintiff had to be transferred to Jackson Hospital for treatment of his injuries. Plaintiff further claims that, as a result of this incident, he was wrongfully charged with second-degree assault and promoting prison contraband. He asserts that he and his cellmates did not have knives and that they were the ones who were assaulted. He also says that the knives were found "next door to the federal inmates," but the knives were never fingerprinted and he and his cellmates were wrongfully charged because they did not make any statements to investigators. (*Id.*)

As relief, Plaintiff requests compensation for physical injuries and mental stress. He also asks that his charges for assault and promoting prison contraband be dropped because, as he contends, he was wrongfully charged. (*Id.* at 4.)

## C.   Defendant's Motion for Summary Judgment, Evidentiary Submission, and Brief in Support

Defendant argues that her motion for summary judgment should be granted for three reasons. First, Defendant says that Plaintiff failed to exhaust administrative remedies prior to filing this lawsuit. (Doc. # 34 ¶ 1.) Second, Defendant is entitled to qualified immunity. (*Id.* ¶ 2.) And third, Plaintiff's claim for injunctive relief is moot. (*Id.* ¶ 3.) However, the only argument necessary for the court's analysis in

4

this Memorandum Opinion and Order is that Plaintiff failed to exhaust administrative remedies before filing suit.

To support her position that Plaintiff failed to exhaust administrative remedies, Defendant first establishes that there is a grievance policy in place at the MCDF for inmates to submit complaints regarding conditions of confinement. (Doc. # 36 at 7.)  The grievance policy is explained to inmates during the booking process and also outlined in the Inmate Rules and Regulations Handbook.  (*Id.* at 7–8.)  All inmates, including Plaintiff, have access to the Handbook and must acknowledge in writing their receipt of the Handbook.  (*Id.* at 8; *see also* Doc. # 35-14 (Plaintiff's signed acknowledgment that he received the Handbook, dated January 5, 2024).)

Defendant also has submitted evidence in the form of her own sworn statement (Doc. # 18-4) and the sworn statement of Colonel Sonja Pritchett, the Director of Detention for the MCDF (Doc. # 18-2).  These sworn statements assert that:  (1) the MCDF "has a grievance policy for inmates to express complaints with the conditions of their confinement" (Doc. # 18-2 ¶ 10; Doc. # 18-4 ¶ 10); and (2) to both Defendant's and Colonel Pritchett's knowledge, Plaintiff "did not file a grievance regarding [the] August 22, 2024 incident of the subsequent criminal charges prior to filing this lawsuit on October 10, 2024" (Doc. # 18-2 ¶ 15; Doc. # 18-4 ¶ 15).

## IV.  DISCUSSION

The discussion is divided into two parts.  First, it addresses Defendant's exhaustion defense.  Second, it considers the alternative basis for dismissing the action due to failure to prosecute and comply with court orders.

### A.      **Exhaustion of Administrative Remedies**

Defendant argues that Plaintiff failed to exhaust his administrative remedies before filing suit.  (Doc. # 36 at 11–12.)  Defendant's assertion of this affirmative defense will be treated as an unenumerated Rule 12(b) motion to dismiss.

#### 1.      *The Exhaustion Requirement*

The Prison Litigation Reform Act (PLRA) provides that "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. §] 1983 . . . by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."  42 U.S.C. § 1997e(a).  This exhaustion requirement "applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong."  *Porter v. Nussle*, 534 U.S. 516, 532 (2002).  Its purpose is to provide "corrections officials time and opportunity to address complaints internally before allowing the initiation of a federal case."  *Woodford v. Ngo*, 548 U.S. 81, 93 (2006).

The U.S. Supreme Court has held that the "[PLRA's exhaustion] provision 'requires proper exhaustion' of available prison grievance procedures, meaning a prisoner 'must complete the administrative review process in accordance with the applicable procedural rules . . . as a precondition to bringing suit in federal court.'" *Perttu v. Richards*, 605 U.S. 460, 465 (2025) (quoting *Woodford*, 548 U.S. at 88, 93). "[E]xhaustion is mandatory under the PLRA, and unexhausted claims cannot be brought in court." *Pavao v. Sims*, 679 F. App'x 819, 823 (11th Cir. 2017) (per curiam) (citing *Jones v. Brock*, 549 U.S. 199, 211 (2007)).

### 2. *Unenumerated Rule 12(b) Motion to Dismiss for Failure to Exhaust Administrative Remedies*

Exhaustion under the PLRA is a "standard affirmative defense" and is neither jurisdictional nor a pleading requirement. *Perttu*, 605 U.S. at 469. In the Eleventh Circuit, an exhaustion defense raised in a motion for summary judgment is treated "as an unenumerated Rule 12(b) motion to dismiss." *Maldonado v. Unnamed Defendant*, 648 F. App'x 939, 951 (11th Cir. 2016) (per curiam); *see also Bryant v. Rich*, 530 F.3d 1368, 1374–75 (11th Cir. 2008) ("Because exhaustion of administrative remedies is a matter in abatement and not generally an adjudication on the merits, an exhaustion defense is not ordinarily the proper subject for a summary judgment; instead, it should be raised in a motion to dismiss, or be treated as such if raised in a motion for summary judgment." (cleaned up)). "In this context, the judge may consider facts outside of the pleadings and resolve factual disputes,

as long as those factual disputes do not decide the merits, and the parties have had a sufficient opportunity to develop the record." *Maldonado*, 648 F. App'x at 951.

### 3. *The Two-Step Process for Deciding a Motion to Dismiss for Failure to Exhaust Administrative Remedies*

In *Turner v. Burnside*, 541 F.3d 1077 (11th Cir. 2008), the Eleventh Circuit "established a two-step process for resolving motions to dismiss prisoner lawsuits for failure to exhaust." *Whatley v. Warden, Ware State Prison*, 802 F.3d 1205, 1209 (11th Cir. 2015) (citing *Turner*, 541 F.3d at 1082); *accord McGuire-Mollica*, 146 F.4th 1308, 1314 (11th Cir. 2025). At the first step, "the court looks to the factual allegations in the defendant's motion to dismiss and those in the plaintiff's response, and if they conflict, takes the plaintiff's version of the facts as true." *Turner*, 541 F.3d at 1082. If the factual allegations, viewed in that light, show that the prisoner failed to exhaust available administrative remedies, the district court must dismiss the complaint. *See McGuire-Mollica*, 146 F.4th at 1314 (citing *Turner*, 541 F.3d at 1082). If dismissal is not warranted under the first *Turner* step on the prisoner's view of the facts, the process moves to the second step, where the district court "makes specific findings to resolve disputes of fact" concerning exhaustion.[2] *See Whatley*, 802 F.3d at 1209 (citing *Turner*, 541 F.3d at 1082–83). The district court

---

[2] No party has argued that the U.S. Supreme Court's pronouncement in *Perttu v. Richards*—"that parties are entitled to a jury trial on PLRA exhaustion when that issue is intertwined with the merits of a claim protected by the Seventh Amendment," 605 U.S. 460, 479 (2025)—which relates to *Turner*'s second step, is relevant here.

"then decides whether under those findings the prisoner has exhausted his available administrative remedies." *Turner*, 541 F.3d at 1083. Throughout this two-step process, the burden is on the defendant to show that the plaintiff has failed to exhaust his available administrative remedies. *Id.* at 1082.

In her brief, Defendant establishes that the MCDF has a grievance policy in place for inmates to voice concerns regarding their conditions of confinement and that this grievance policy is contained in the Inmate Rules and Regulations Handbook. (Doc. # 36 at 7.) Defendant also establishes that Plaintiff acknowledged his receipt of the Inmate Rules and Regulations Handbook containing the grievance procedure after it was explained to him during booking (Doc. # 35-14; Doc. # 36 at 12) and that all inmates, including Plaintiff, have access to the Handbook. (Doc. # 36 at 8.) Furthermore, Defendant has provided evidence that Plaintiff did not initiate, let alone exhaust, the MCDF's grievance process. Specifically, Defendant has submitted her own sworn statement (Doc. # 18-4), as well as the sworn statement of Colonel Sonja Pritchett, the Director of Detention at the MCDF (Doc. # 18-2). In their sworn statements, both Defendant and Colonel Pritchett indicate that, to their knowledge, Plaintiff "did not file a grievance regarding [the] August 22, 2024 incident or the subsequent criminal charges prior to filing this lawsuit on October 10, 2024." (Doc. # 18-4 ¶ 15; Doc. # 18-2 ¶ 15.)

Turning to the first *Turner* step, Plaintiff was required to file a response to Defendant's motion, evidentiary submission, and brief in support (*see* Doc. # 38), but he did not do so. Without a response from Plaintiff, the factual allegations regarding exhaustion are undisputed. Defendant has submitted unrebutted evidence that shows a grievance procedure is available at the MCDF and that Plaintiff did not utilize it before filing this suit.[3] The unrefuted record thus demonstrates that Plaintiff did not properly exhaust available administrative remedies before seeking relief in federal court. Because exhaustion of available administrative remedies is a mandatory precondition to bringing suit under the PLRA, this action must be dismissed without prejudice.[4]

## B.    Failure to Prosecute and Comply with Court Orders

As an alternative basis for dismissal, Plaintiff has failed to prosecute and comply with court orders. A district court "may dismiss a case under its inherent authority, which it possesses as a means of managing its own docket so as to achieve the orderly and expeditious disposition of cases." *McNair v. Johnson*, 143 F.4th 1301, 1306–07 (11th Cir. 2025) (cleaned up), *petition for cert. filed*, No. 25-808

---

[3] The complaint itself provides support for Defendant's position: Plaintiff dated his complaint September 3, 2024—only 12 days after the alleged incident occurred on August 22, 2024. *See supra* note 1 (explaining that Plaintiff's complaint is deemed filed on September 3, 2024, under the "prison mailbox rule").

[4] In dismissing this action for Plaintiff's failure to exhaust administrative remedies, the court expresses no opinion as to the merits of Plaintiff's claims.

(U.S. Jan. 9, 2026).  The authority of courts to impose sanctions for failure to comply with court orders and failure to prosecute is longstanding and acknowledged by Rule 41(b) of the Federal Rules of Civil Procedure.  *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629–30 (1962); *see also Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) (noting that "dismissal upon disregard of an order, especially where the litigant has been forewarned, generally is not an abuse of discretion").

A court's dismissal under its inherent authority "can be either with or without prejudice to refiling."  *McNair*, 143 F.4th at 1306.  Dismissal with prejudice as a sanction "is warranted only upon a 'clear record of delay or willful contempt and a finding that lesser sanctions would not suffice.'"  *Mingo v. Sugar Cane Growers Co-Op of Fla.*, 864 F.2d 101, 102 (11th Cir. 1989) (per curiam) (emphasis omitted) (quoting *Goforth v. Owens*, 766 F.2d 1533, 1535 (11th Cir. 1985)); *accord McNair*, 143 F.4th at 1306.

On January 22, 2026, after Plaintiff failed to respond to Defendant's Request for Production of Documents, Defendant filed a motion to compel.  (Doc. # 31.)  By Order dated January 23, 2026, Defendant's motion to compel was granted, and Plaintiff was required to respond to Defendant's discovery request by February 6, 2026.  (Doc. # 32 ("January 23 Order").)  Plaintiff never responded to Defendant's discovery request.  Additionally, after Defendant filed her motion for summary judgment, evidentiary submission, and supporting brief, an Order was entered on

11

February 17, 2026, directing Plaintiff to file a response by March 17, 2026, and providing specific instructions. (Doc. # 38 ("February 17 Order").) Plaintiff did not file a response.

Plaintiff thus has failed to prosecute this action and comply with the January 23 and February 17 Orders, despite their express directives. Consequently, this action alternatively will be dismissed without prejudice for Plaintiff's failure to prosecute and comply with court orders.[5]

## V. CONCLUSION

Based on the foregoing, it is ORDERED that:

(1)    Defendant's construed Rule 12(b) motion to dismiss for Plaintiff's failure to exhaust administrative remedies (Doc. # 34) is GRANTED, and this action is DISMISSED without prejudice;

(2)    Defendant's motion for summary judgment (Doc. # 34) is DENIED as moot; and

(3)    Alternatively, this action is DISMISSED without prejudice for Plaintiff's failure to prosecute and comply with court orders.

Final judgment will be entered separately.

---

[5] In alternatively dismissing this action for Plaintiff's failure to prosecute and comply with court orders, the court expresses no opinion as to the merits of Plaintiff's claims.

DONE this 21st day of April, 2026.

/s/ W. Keith Watkins
UNITED STATES DISTRICT JUDGE